IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

UNITED STATES OF AMERICA

VS.	CIVIL NO. 5:08-cv-311(DCB)
	CRIMINAL NO. 5:07-cr-30(DCB)(JCS)

GARY DARNELL JACKSON

MEMORANDUM OPINION AND ORDER

This cause is before the Court on the defendant Gary Darnell Jackson ("Jackson")'s motion to vacate sentence pursuant to 28 U.S.C. § 2255 (**docket entry 22** in criminal no. 5:07cr30). Having carefully considered the motion and the United States' response, as well as the memoranda of the parties and the applicable law, the court finds as follows:

Jackson was charged with five counts of knowingly and intentionally distributing cocaine base, also known as crack, one count of possession with intent to distribute cocaine base, and one count of possession with intent to distribute cocaine hydrochloride, all in violation of 21 U.S.C. § 841(a)(1), and one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). On April 22, 2008, pursuant to a written memorandum of understanding which was submitted and made a part of the record, the Defendant entered a guilty plea to Counts Six (possession with intent to distribute cocaine base) and Eight (felon in possession of a firearm), and stipulated to the amount and description of the drugs involved in the case, including

relevant conduct, as being 43.30 grams of a mixture or substance containing cocaine base, 29.10 of cocaine hydrochloride, .86 grams methylenedioxymethamphetamine, 1.7 grams a mixture or substance containing a detectable amount of methamphetamine and 1.2 grams of marijuana. In the written plea agreement, the defendant waived the right to appeal his sentence or to collaterally attack it pursuant to 28 U.S.C. § 2255. On July 7, 2008, the Government filed a motion for downward departure pursuant to U.S.S.G. § 5K1.1 recommending that the defendant's total offense level be reduced by two levels. The Court found that the defendant's base offense level was 28. The defendant was assessed a two level upward adjustment for possession of a firearm. The defendant received a three level downward adjustment for acceptance of responsibility. The Court granted the Government's motion for downward departure and determined that the defendant's total offense level as calculated pursuant to the U.S. Sentencing Guidelines was 25.[1] The defendant was assessed six criminal history points and determined to be in a Criminal History Category of III with a guideline range of 70 to 87 months. The Government recommended a sentence within the lower 25% of the Guideline range as set forth in the plea agreement. The Court chose not to follow the Government's

---

[1] Since the defendant's total offense level under the drug count was higher than that of the gun count under the Guidelines, the calculations for the drug count were used in this case in accordance with the advisory Guidelines.

recommendation and sentenced the defendant to the top of the guideline range, to 87 months imprisonment, 4 years supervised release, a $100.00 special assessment, and a $2,500.00 fine.

The defendant waived post-conviction attacks upon his conviction and sentence in his plea agreement, and he has not asserted that the waiver was involuntary or uninformed. In his written plea agreement with the United States, Jackson specifically waived his right to appeal and to collaterally attack his conviction and sentence. The plea agreement specifically provides as follows:

> 16. **Waivers** The defendant, knowing and understanding all of the matters aforesaid including the maximum possible penalty that could be imposed, and being advised of his rights to remain silent, to trial by jury, to subpoena witnesses on his own behalf, to confront the witnesses against him, and to appeal the conviction and sentence, in exchange for the recommendations and concessions made by the United States Attorney's Office in this plea agreement **hereby expressly waives the above rights and the rights to:**
>
> a. appeal the conviction or sentence imposed in this case, or the manner in which that sentence was imposed, on the grounds set forth in 18 U.S.C. § 3742, or on any ground whatsoever, and
>
> b. contest the conviction, sentence, or the manner in which the sentence was imposed in any post-conviction proceeding, including but not limited to, a motion brought pursuant to 28 U.S.C. § 2255.
>
> . . .

Plea Agreement, ¶ 16(a),(b). Additionally, at the time the defendant signed the plea agreement and entered his guilty plea, he was represented by counsel, Omodare Jupiter, who also signed the

3

plea agreement. Jackson does not allege that he did not understand the plea agreement. He received a substantial benefit from his plea agreement. Had he not pleaded guilty in accordance with the plea agreement and had he elected to go to trial, the defendant would have faced a sentence of 121 to 151 months. Jackson does not allege that he is innocent of the charge to which he pleaded guilty.

The United States Court of Appeals for the Fifth Circuit routinely enforces voluntary and knowing guilty pleas as valid waivers of post conviction relief. See United States v. White, 307 F.3d 336, 344 (5th Cir. 2002); United States v. Abreo, 30 F.3d 29, 32 (5th Cir. 1994); United States v. Wilkes, 20 F.3d 651, 653-54 (5th Cir. 1994); United States v. Portillo, 18 F.3d 290, 292-93 (5th Cir. 1994). Although the Fifth Circuit in Wilkes provided that an ineffective assistance of counsel claim may survive a waiver of post conviction relief, 20 F.3d at 653, such a claim will only survive a waiver if the claimed ineffective assistance had a direct effect upon the validity of the waiver or plea itself. White, 307 F.3d at 341, 343. In applying that standard, the Fifth Circuit, relying upon the Supreme Court's decision in United States v. Broce, 488 U.S. 563 (1989), and the Tenth Circuit's decision in United States v. Cockerham, 237 F.3d 1179 (10th Cir. 2001) provided the following direction:

> We ask whether the plea or waiver itself was knowing and voluntary, and whether the issue challenged on appeal may

> properly be the subject of waiver. [Footnote omitted.]
> If the answer to both questions is "yes," then the guilty
> plea sustains the conviction and sentence and the waiver
> can be enforced.

White, 307 F.3d at 343-44.

In the absence of coercion, a guilty plea is knowing and voluntary where the defendant is mentally competent, understands the charges against him, and understands the consequences of his plea, including the maximum sentence and the nature of the constitutional protections that he is waiving. See Matthew v. Johnson, 201 F.3d 353, 365 (5th Cir. 2000); United States v. Gracia, 983 F.2d 625, 627-28 (5th Cir. 1993). In the case sub judice, Jackson does not challenge his mental competency or allege that his guilty plea was anything other than knowing and voluntary. The defendant's only complaint in this case is that he received a sentence at the top of the guideline range instead of the bottom of the guideline range.

Jackson claims that the Government promised him that he would receive a 70 month sentence, and then breached the plea agreement by urging the Court to "enhance" the sentence to the top of the guideline range. This claim has no basis in fact. The Government denies ever promising the defendant any particular sentence, nor is there any basis for finding that it made such a promise. The Government did not urge the Court to sentence the defendant at any point in the guideline range other than the lower 25% of the range as agreed to in the plea agreement. The terms of the plea

agreement specifically noted that the Government's recommendation would be the lower 25% of the guideline range, but that the Court was not required to follow that recommendation and had the discretion to sentence the defendant up to the maximum sentence provided for by statute. Furthermore, at the time the defendant entered his plea of guilty, this Court advised him that it was not bound by the plea agreement.

Thus, the defendant's guilty plea and waiver of rights was knowing and voluntary unless the defendant's allegations of ineffective assistance of counsel resulted in either (1) coercion; (2) a lack of understanding of the charge against him; or (3) a reasonable lack of understanding of the consequences of his plea. See Gracia, 983 F.2d at 627-28. Jackson makes no such assertions. His claim of ineffective assistance of counsel focuses solely upon his claim that counsel failed to object to the sentence at the top of the guideline range, failed to perfect the record and preserve the issue for appeal, and failed to appeal the sentence. A defense counsel cannot be considered to be ineffective for not perfecting a waived right. See Wilkes, 20 F.3d at 653. Furthermore, such a claim has no merit, because defense counsel did argue to the Court that the sentence was outside the terms of the plea agreement, and the Court advised the defendant and counsel that it was aware of the Government's recommendation and for the reasons stated on the record chose not to follow that recommendation.

Based upon the aforementioned precedent and the defendant's knowing and voluntary waiver of the right to appeal or contest his conviction under 28 U.S.C. § 2255, the Court finds that the defendant's motion is procedurally barred. To allow such allegations as these to defeat a defendant's knowing and voluntary waiver "would render waivers of appeal meaningless," and allow all complaints concerning process to be heard in a collateral proceeding by "merely challenging the attorney's failure to achieve the desired result." White, 307 F.3d at 344. Like the defendant in White, Jackson "claims ineffective assistance of counsel, but he does not claim that the waiver in his plea agreement was unknowing or involuntary. That plea required [the defendant] to forego his right to relief in [proceedings] just like this one, and he knew that when he signed it." Id.

The Court also finds that the defendant's motion to vacate should be denied on the merits. Jackson argues that the Government promised him a sentence of 70 months, then breached the agreement by urging the Court to sentence him to the top end of the guideline range. The agreement between the Government and the defendant was reduced to a written plea agreement. The relevant portions of that agreement are as follows:

> **2. Government's Obligations.**
>
> a. Thereafter, the United States Attorney's Office for the Southern District of Mississippi ("U.S. Attorney's Office") will: (i) recommend that the Court accept the defendant's plea of guilty, and, at sentencing, (ii)

recommend that the Court impose a sentence within the lower 25% of the applicable Sentencing Guidelines range as computed by the Court, (iii) move the Court to dismiss any remaining counts of the indictment; and (iv) inform the United States Probation Office and the Court of this Agreement, the nature and extent of Defendant's activities with respect to this case and all other activities of Defendant which the U.S. Attorney's Office deems relevant to sentencing, including the nature and extent of Defendant's cooperation with the U.S. Attorney's Office.

. . .

c. Should the U.S. Attorney's Office determine that Defendant has provided substantial assistance to law enforcement officials in an investigation or prosecution, and has fully complied with the understandings specified in this Agreement, then the government may submit a motion pursuant to United States Sentencing Guidelines ("U.S.S.G.") § 5K1.1 (and Title 18, United States Code, Section 3553(e), if applicable), requesting that the Court sentence Defendant in light of the factors set forth in U.S.S.G. § 5K1.1(a)(1)-(5).

The determination as to whether Defendant has provided such substantial assistance shall rest solely within the discretion of the relevant law enforcement agencies involved in conjunction with the U.S. Attorney's Office. Should any investigation in which Defendant offers information be incomplete at the time of his sentencing, the government may, in lieu of a downward departure at sentencing, move for a reduction in sentence pursuant to Rule 35 of the Federal Rules of Criminal Procedure at such time as the cooperation is complete.  It is understood that, even if such a motion is filed, the sentence to be imposed on Defendant remains within the sole discretion of the Court.

. . .

**7. This Agreement Does <u>Not</u> Bind the Court.** It is further understood that the Court, in accord with the principles of Rule 11(c)(1)(B), Federal Rules of Criminal Procedure, is not required to accept the recommendation of the U.S. Attorney's Office, but may sentence Defendant to the maximum fine and imprisonment as provided by law, and the government has no other obligation in regard to

sentencing than as stated in Paragraph Nos. 2 and 5.

**8. Determination of Sentencing Guidelines.** It is further understood that the United States Sentencing Guidelines are advisory only and that Defendant and Defendant's attorney have discussed the fact that the Court must review the Guidelines in reaching a decision as to the appropriate sentence in this case, but the Court may impose a sentence other than that indicated by the Guidelines if the Court finds that another sentence would be more appropriate. <u>Defendant specifically acknowledges that he is not relying upon anyone's calculation of a particular Guidelines range for the offense to which he is entering this plea, and recognizes that the Court will make the final determination of the sentence and that he may be sentenced up to the maximum penalties set forth above</u>.

. . .

**19. Complete Agreement.** It is further understood that this plea agreement completely reflects all promises, agreements and conditions made by and between the United States Attorney's Office for the Southern District of Mississippi and Defendant.

**Defendant and his attorney of record declare that the terms of this plea agreement have been:**

**1. READ BY OR TO HIM;**
**2. EXPLAINED TO HIM BY HIS ATTORNEY;**
**3. UNDERSTOOD BY HIM;**
**4. VOLUNTARILY ACCEPTED BY HIM; and**
**5. AGREED TO AND ACCEPTED BY HIM.**

Plea Agreement at 1-3, 7. As stated therein, the written plea agreement contains all promises and agreements made between the parties. The defendant presents no credible evidence that at any time the Government made any promises as to a specific sentence, or advocate any position inconsistent with the plea agreement at the sentencing hearing. Moreover, this Court routinely advises

defendants at the change of plea hearing that the Court is not bound by the plea agreement or the Government's recommendation and may or may not follow such recommendation.

The Government filed a motion for downward departure recognizing the defendant's substantial assistance. The Court granted the motion, but in its discretion, chose to sentence the defendant at the top of the guideline range. A sentence within the Sentencing Guidelines is presumptively reasonable "because it reflects both the [Sentencing] Commission's and the sentencing court's judgment as to what is an appropriate sentence for a given offender." Rita v. United States, 127 S.Ct. 2456, 2465 (2007); see also United States v. Alonzo, 435 F.3d 551, 554 (5th Cir.2006). Moreover, where the defendant is sentenced within the guideline range and the difference between the bottom and top of the range is less than 24 months, the Court is not required to state its reasons for imposing a sentence at the top, rather than the bottom, of the range. See 18 U.S.S.C. § 3553(c)(1). Additionally, a number of Circuit Courts of Appeal have found that a sentence within the guideline range is not reviewable. See, e.g., United States v. Mansur-Ramos, 348 F.3d 29, 31 (1st Cir. 2003)("Consistent with the statutory structure, we have held, with a regularity bordering on the echolalic, that when a district court imposes a sentence within the guideline range, the court of appeals ordinarily lacks authority to scrutinize the rationale for that sentence."); United
10

States v. Woodrum, 959 F.2d 100, 101 (8th Cir. 1992)(per curiam) ("[a] sentence is not reviewable merely because it is at the top of a properly calculated Guidelines range" ); United States v. Lovins, 993 F.2d 1244, 1245-46 (6th Cir. 1993)("Absent a defendant's identification of a specific legal error in the formulation of a sentence [citation omitted] this court has no jurisdiction to review sentences within the guideline range.").

Jackson does not object to the guideline range, merely to the fact that he was sentenced at the top of the range. The defendant's complaints solely involve the application of the Sentencing Guidelines, which is not a cognizable ground for relief in a § 2255 proceeding. See, e.g., United States v. Segler, 37 F.3d 1131, 1134 (5th Cir. 1994); United States v. Payne, 99 F.3d 1273, 1281-82 (5th Cir. 1996). "A district court's technical application of the Guidelines does not give rise to a constitutional issue cognizable under [18 U.S.C.] § 2255." Segler, 37 F.3d at 1134, citing United States v. Vaughn, 955 F.2d 367, 368 (5th Cir. 1992). Thus, Jackson's challenge to the application of the Sentencing Guidelines is without merit.

Finally, as noted above, Jackson has not alleged any facts to support his claim of ineffective assistance of counsel. The defendant's burden on an ineffective assistance of counsel claim is high. To succeed on any claim of ineffective assistance of counsel, a defendant must show that: (1) the attorney's

representation fell below an objective standard of reasonableness, and (2) there is a reasonable probability that except for the attorney's unprofessional errors, the results of the proceeding would have been different. United States v. Kinsey, 917 F.2d 181, 183 (5th Cir. 1990), citing Strickland v. Washington, 466 U.S. 668, 687-88 (1984). Accord, Miller v. Johnson, 200 F.3d 274, 282 (5th Cir. 2000). Strickland requires a "strong" presumption that counsel's conduct falls within the wide range of reasonable professional competence, and every effort must be made to eliminate the distorting effects of hindsight. 466 U.S. at 689. Merely demonstrating that defense counsel made an error is not enough. "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." Id. at 691. Thus, "any deficiencies in counsel's performance must be prejudicial to the defense in order to constitute ineffective assistance under the Constitution." Id. at 692. In order to establish prejudice a convicted defendant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694. A failure to establish either of the Strickland prongs makes it unnecessary to examine the other. Amos v. Scott, 61 F.3d 333, 348 (5th Cir. 1995); Buxton v. Lynaugh, 879

F.2d 140, 142 (5th Cir. 1989).

In this case, there was no error on the part of the Court in sentencing the defendant within the guideline range; therefore, no error was committed by defense counsel. Counsel brought to the Court's attention the fact that the plea agreement provided for a recommendation in the lower 25% of the guideline range, and the Court, in its discretion, chose not to follow the plea agreement. Thus, the defendant's assertion of ineffective assistance of counsel is without merit.

The Court also finds that there is no need for an evidentiary hearing. An evidentiary hearing is not required pursuant to 28 U.S.C. § 2255 if the motion, files, and record or recollection of the case show the defendant is entitled to no relief. See United States v. Green, 882 F.2d 999, 1008 (5th Cir. 1989). Accordingly,

IT IS HEREBY ORDERED that the petitioner Gary Darnell Jackson's Motion to Vacate Sentence pursuant to 28 U.S.C. § 2255 **(docket entry 22** in criminal no. 5:07cr30) is DENIED, and this action is dismissed with prejudice. A separate judgment in compliance with Fed.R.Civ.P. 52 shall issue.

SO ORDERED, this the 17th day of June, 2010.

/s/ David Bramlette
UNITED STATES DISTRICT JUDGE